IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XEROX CORPORATION,

    Plaintiff,                                    No. CIV 12-164 LKK CKD

    vs.

THE PRINTING PRESS, et al.,

    Defendants.                          <u>FINDINGS & RECOMMENDATIONS</u>

        Presently before the court is plaintiff's motion for default judgment. This matter is submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

        In this action, plaintiff seeks damages for breach of contract, money due on an open book account, money due on an account stated, and replevin.[1] Plaintiff's claims arise out of lease agreements for printers/copiers. The record reflects that defendants were properly served with process on February 6, 2012 and default was entered on April 13, 2012. Plaintiff thereafter filed an application for default judgment. Plaintiff seeks an entry of default judgment in the

---

[1] The application for default judgment seeks only monetary damages. The claim for replevin is not addressed in plaintiff's briefing.

1

1  amount of $142,253.03.

2          Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976).  The application for default judgment and the exhibits and affidavits attached thereto also support the finding that plaintiff is entitled to the relief in the form of monetary damages requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint.  <u>Henry v. Sneiders</u>, 490 F.2d 315, 317 (9th Cir.), <u>cert</u>. <u>denied</u>, 419 U.S. 832 (1974).  The amount sought is supported by the affidavits submitted in support of the motion for default judgment.  Plaintiff also requests prejudgment interest, calculated under California law.  Such calculation is proper in that plaintiff has alleged state law claims upon which judgment may be entered.  See <u>Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.</u>, 513 F.3d 949, 961 (9th Cir. 2007).  Prejudgment interest should therefore be awarded.  Plaintiff is also entitled to attorneys fees under the lease agreements at issue here and the amount claimed is reasonable.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

        For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment (dkt. no. 11) against defendants be granted in the amount of $142,253.03.

/////

/////

2

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 9, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
xerox.def